# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 16-30108
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER BROWN, also known as Ten Brown,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-168-10

———————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Christopher Brown appeals his guilty plea conviction of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He also challenges his 132-month prison sentence.

The superseding indictment alleged that the conspiracy involved 280 grams or more of cocaine base, which would trigger a mandatory minimum sentence of 10 years of imprisonment. *See* §§ 841(b)(1)(A), 846. Brown argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30108

that the district court failed to inform him of, and to ensure that he understood, that he faced this mandatory minimum penalty if convicted. *See* FED. R. CRIM. P. 11(b)(1)(I). In fact, the district court repeatedly advised Brown of the mandatory minimum. It first informed Brown that his guilty plea would result in a mandatory minimum sentence of ten years and a maximum sentence of life. The district court then twice asked Brown whether his attorney had explained to him that he faced a mandatory minimum of at least ten years. Both times Brown answered "yes." There is no basis to find an error in the plea colloquy.

Brown also argues that the enhancements imposed under U.S.S.G. § 2D1.1(b)(1) and (2) for possession of a firearm and use of violence were based on a clearly erroneous finding that he shot Robert Johnson. Brown and Johnson both testified regarding the shooting, and their testimony conflicted in some respects. The district court found that each had lied at some point but generally credited Johnson's testimony. We give deference to a district court's credibility determinations. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). Given the alignment of Johnson's testimony with the other evidence and the problems with Brown's testimony, Brown fails to show that the court erred in believing Johnson rather than Brown. *See id.* The district court's factual finding that Brown shot Johnson is plausible in light of the record as a whole. *See United States v. Rodriguez-Guerrero*, 805 F.3d 192, 195-96 (5th Cir. 2015).

AFFIRMED.